[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By agreement of the parties and their respective attorneys, the court heard the matter in caption on November 22, 2002 and all issues between the parties as set forth in the separation agreement dated November 22, 2002 were testified to and careful inquiry made by the respective attorneys and by the court.
The sole issue on which the court was requested to act was item 13 in the lengthy separation agreement as to attorney's fees. All other issues as concerns the requisite testimony as to the date and place of the marriage, residency, name and date of birth of the child and matters of like nature were testified to by the parties. By agreement, the plaintiff shall have sole legal and physical custody of the minor child. The visitation is spelled out at length in the agreement. The child support by agreement and in accordance with the guideline worksheets is $191.00 per week. The requisite percentages for unreimbursed medical and dental expenses is spelled out within the confines of the agreement. Alimony in accordance with the agreement is $100.00 per week for a term of four years, pension and retirement accounts are treated as is medical insurance. The family residence in that respect the court notes that on the basis of the testimony elicited at the time of hearing that the plaintiff wife is the sole owner of the equity interest in the real property known as 31 Alger Place, New London, Connecticut on which there is a mortgage. From the testimony, it appears that both the plaintiff and the defendant are liable to the mortgagee lender as concerns the orderly discharge of that debt.
All other issues have been treated within the confines of the afore noted separation agreement including personal property, prospective college education pursuant to Public Act No. 02-128, dependency exemption and all allied matters.
As indicated, the sole issue for the court to consider is the issue of attorney's fees. Plaintiffs counsel represented that they had received CT Page 15296 the sum of $5,000.00 initially, of which $4,000.00 has been exhausted with a $1,000.00 balance left. Plaintiffs counsel requests $3,000.00, the same to be paid and discharged by the defendant within one year. By way of contrast, the defendant offers to pay $1,500.00 to be paid and discharged within one year. After hearing counsel, carefully examining the terms and conditions of the separation agreement and examining the respective financial affidavits, the court orders and directs that the defendant shall be responsible for the sum of $1,500.00 as a contribution to the plaintiffs counsel fees; the same to be paid and discharged within the term of one year.
Counsel are ordered to prepare the judgment file in accordance with the separation agreement dated November 22, 2002 and all of its terms are incorporated by reference.
 ___________________________ Austin, J.
CT Page 15297